(23 Misc. Rep. 157.)

WEBER v. MANHEIMER.

(Supreme Court, Appellate Term. March 28, 1898.)

WITNESS—CROSS-EXAMINATION.

In an action brought by a client against his attorney, which involved the issue whether, as claimed by plaintiff, the attorney had agreed to conduct certain actions upon an agreed scale of compensation based upon the amount of the recoveries, or, as claimed by defendant, there had been no agreement as to compensation, the defendant testified that many other suits were brought in addition to those in question, and that in certain of them he retained $10 of the $50 recovered. The plaintiff then sought to cross-examine him as to the compensation charged or received in certain cases in which the sum paid was less than $50, but all evidence in respect thereto was excluded. *Held*, that as this cross-examination related to a fact in issue, and was directed towards the object of discrediting the defendant's testimony, the plaintiff had the right to pursue it, and hence the exclusion of the testimony constituted reversible error.

Appeal from Fourth district court.

Action by Charles Weber against Samuel Manheimer. From a judgment dismissing the action, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Joseph J. Myers and Frank E. Hipple, for appellant.

Samuel Schlesinger and Samuel Hoffman, for respondent.

GIEGERICH, J.   The plaintiff, by this action, seeks to recover certain moneys collected by the defendant, an attorney and counselor at law, in suits brought in his behalf, against divers persons, for a penalty imposed by a certain statute.   The defendant, while admitting the receipt of the sum he is charged with having collected, denied indebtedness to the plaintiff in any sum whatsoever, and set up a counterclaim for professional services rendered, at plaintiff's request, in 26 suits instituted in the supreme court, Orange county.   The parties litigant agree that, when the defendant was first retained, it was understood that he might charge five dollars for each suit prosecuted in a district court in the city of New York, and that after the determination of such suits the defendant brought other actions in the supreme court, the venue being laid in Orange county.   They disagree, however, as to the terms upon which the latter suits were to be prosecuted; the plaintiff contending, as to these, that there was to be no charge unless the defendant made a collection, in which event his compensation was to be as follows: "Where the sum collected was $50, he was to get $10; where the sum of $35 was collected, he was to get $7.50; and where the sum of $25 was collected, he was to get $5."   The defendant, on the other hand, insists that nothing whatever was said between the parties concerning his fees.   Upon cross-examination, the defendant testified that many other suits were brought in the aforementioned county, in addition to the 26 suits in question; that settlements or compromises were effected therein; and that in each of the suits against one Moloney, one Meyer, and one Buchler he retained $10 of the $50 penalty received.   The plaintiff then sought to cross-examine the defendant relative to the compensation charged or received by him in certain specified cases in which the sum paid was less than $50; but all evidence in respect thereto was excluded, upon the objection of the defendant's counsel that it was "immaterial, and not within the issue," the plaintiff noting an exception to each ruling.

I fail to perceive upon what theory the testimony so offered was rejected.   The defendant had already testified as to his charges in cases where $50 was collected, when his counsel made the objections adverted to.   If it was material to show that fees were charged where a certain sum was collected, it was equally material to prove the compensation paid in all other cases where a compromise was effected. The testimony sought to be introduced clearly related to a relevant fact, the sole question at issue being whether the parties had agreed upon the compensation of the defendant for services in the Orange county suits.   It was therefore proper for the plaintiff to fully interrogate the defendant respecting the amount of compensation received by him where a penalty, or a portion thereof, was paid; the object of the questions so excluded, apparently, being to discredit the defendant's testimony upon said controverted question of fact, by showing upon cross-examination that his charges in such cases were made in conformity with the rates, which, according to the plaintiff's testimony, were fixed by the parties therefor.   Therefore, since this cross-examination related to a fact in issue, and was directed towards the object of discrediting the defendant's testimony, the plaintiff had the right to

pursue it. Platner v. Platner, 78 N. Y. 90, 95; Langley v. Wadsworth, 99 N. Y. 61, 63, 1 N. E. 106; Baylies, Trial Prac. p. 179, and citations. Hence the exclusion of the testimony so offered was, in my opinion, error of so radical a nature as to necessitate a reversal of the judgment.

For these reasons the judgment should be reversed, and a new trial ordered in the municipal court, borough of Manhattan, Fourth district, with costs to the appellant to abide the event. All concur.